May Term,
1845.

SCOTT
v.
WILLIAMS.

Scott *v*. Williams.

*Scire facias* to have execution on a justice's transcript. *Held*, that the question whether there was a transcript of the justice's judgment, duly filed in the clerk's office, was for the Court to decide ; the transcript, if filed, being a record of the Circuit Court.

To a plea in such case, denying that there was a record of the justice's judgment in his Court, the replication should be, that there was such a record in the justice's Court.

Wednesday,
May 28.

ERROR to the *Miami* Circuit Court.

BLACKFORD, J.—*Scire facias* to have execution on the transcript of a judgment of a justice of the peace filed in the Circuit Court. The writ avers that the plaintiff recovered a judgment before the justice, &c.; that a *fieri facias* issued thereon and was returned *nulla bona;* that a certified transcript of the judgment and proceedings was filed in the clerk's office, &c.

There are two pleas: 1. There is no record of the supposed recovery in the *scire facias* mentioned, duly filed in the clerk's office, &c., as alleged, &c., and this the defendant is ready to verify, wherefore he prays judgment. 2. There is no record of the judgment in the *scire facias* mentioned, as alleged, &c., and this the defendant is ready to verify, wherefore he prays judgment.

Replication to the first plea, that there is such a record of the recovery mentioned in the *scire facias*, duly filed, &c., as alleged, &c., and this the plaintiff is ready to verify by the record, &c. Replication to the second plea, that there is such a record of the judgment remaining in the office of the clerk of the Circuit Court as the plaintiff has alleged, and this he is ready to verify by the record remaining in said Court.

General demurrer to the replication to the second plea and joinder.

The demurrer was overruled and final judgment rendered for the plaintiff.

The defendant contends that the issue on the first plea should have been to the country, and have been tried by a jury. We think otherwise. The first plea to be valid must be considered as meaning, that there was no transcript of the judgment of the justice, mentioned in the *scire facias*, duly filed, &c. And the replication to that plea must be under-

stood as averring that there was such transcript duly filed, &c. Whether there was a transcript of the justice's judgment duly filed in the clerk's office, was a question to be decided by the Court; for the transcript, if filed, was a record of the Circuit Court.

It is also contended, that the demurrer to the replication to the second plea should have been sustained; and we are of that opinion. The second plea is a denial that there was a record of the justice's judgment remaining in his Court. The replication to that plea, therefore, should have been, not that there was a record of the judgment remaining in the clerk's, office of the Circuit Court, but that there was such a record in the justice's Court.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

.*D. D. Pratt*, for the plaintiff.

*W. Wright*, for the defendant.